UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GUILLEN,<br><br>            Plaintiff,<br><br>     vs.<br><br>PATEL, et al.,<br><br>            Defendants. | **1:21-01505-GSA-PC**<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT JUDGMENT**<br><br>**(ECF No. 7.)** |

**I.     BACKGROUND**

Miguel Guillen ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on October 12, 2021.  (ECF No. 1.)  Plaintiff's Complaint awaits the Court's requisite screening.

On March 17, 2022, Plaintiff filed a request for entry of default judgment against all of the Defendants.  (ECF No. 7.)

1

## II. ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

### Plaintiff's Request

Plaintiff requests an order entering default judgment against all of the Defendants in this action. Plaintiff alleges that according to the Court's records the Defendants were served with a copy of a summons and Complaint on October 12, 2021. Plaintiff also alleges that the Defendants have not served a response to the Complaint although more than 100 days have passed since the date of service. Plaintiff thus argues that default judgment should be entered.

### Discussion

Plaintiff's reference to the Court's record is not sufficient to show that Defendants were properly served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure. In fact, it is not time for service of process in this case as the Court has not completed its requisite screening of the Complaint. The Court is required by law to screen complaints brought by prisoners seeking relief against a governmental entity, officer or employee of a governmental entity brought pursuant to 42 U.S.C. § 1983. The Court will initiate service of process *sua sponte* after the Court has screened the complaint and determined that it contains cognizable claims for relief against the Defendants. 28 U.S.C. § 1915A(a). Thus, since Plaintiff's Complaint still awaits the Court's screening, the Defendants have not been properly served. Therefore, Plaintiff's request for entry of default judgment must be denied.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for entry of default judgment against the Defendants, filed on March 17, 2022, is DENIED.

IT IS SO ORDERED.

Dated:   **May 10, 2022**                                **/s/ Gary S. Austin**
                                                                             UNITED STATES MAGISTRATE JUDGE