UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GUILLEN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>PATEL, et al.,<br><br>　　　　　Defendants. | **1:21-01505-GSA-PC**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 10.)** |

　　　　On December 9, 2022, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff seeks appointment of counsel because he is unable to afford counsel, the issues in this case are complex, and Plaintiff has limited education and knowledge of the law.

Plaintiff brings a medical claim under the Eighth Amendment for inadequate treatment following a fall in the shower. This claim is not complex, and based on a review of the record in this case, Plaintiff can adequately articulate his claims and respond to court orders. The facts that Plaintiff is unable to afford counsel and has limited education and knowledge of the law do not make his case exceptional under the law.

In the first screening order, the Court found that Plaintiff failed to state a claim and dismissed the Complaint with leave to amend. (ECF No. 9.)   On December 9, 2022, Plaintiff filed the First Amended Complaint, which awaits the Court's requisite screening. Thus, at this stage of the proceedings, the Court finds it unlikely that Plaintiff will succeed on the merits.

Therefore, the court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **December 19, 2022**                             **/s/ Gary S. Austin**
                                                                     UNITED STATES MAGISTRATE JUDGE