1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MIGUEL GUILLEN,                          No.  1:21-cv-01505 GSA (PC)

12                  Plaintiff,                DISCOVERY AND
                                              SCHEDULING ORDER
13         v.
                                              Discovery Served By:  September 5, 2025
14   ISMAIL PATEL, et al.,                    Discovery Ends:  November 7, 2025
                                              Motions to Compel Due:  November 7, 2025
15                  Defendants.               Pretrial Motions Due:  January 30, 2026

16

17         Defendants Davis and Patel have answered the complaint.  ECF No. 23.  Pursuant to

18   Federal Rules of Civil Procedure 1, 16, and 26-36, discovery shall proceed in accordance with

19   paragraphs 1-6 of this order.  In addition, the court will set a schedule for this litigation.

20         Should this matter proceed to trial the court will, by subsequent order, require the parties

21   to file pretrial statements.  In addition to the matters required to be addressed in the pretrial

22   statement in accordance with Local Rule 281, plaintiff will be required to make a particularized

23   showing in the pretrial statement in order to obtain the attendance of witnesses at trial.  Plaintiff is

24   advised that failure to comply with the procedures set forth below may result in the preclusion of

25   any and all witnesses named in the pretrial statement.

26         At the trial of this case, the plaintiff must be prepared to introduce evidence to prove each

27   of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of

28

                                              1

trial evidence: (1) exhibits and (2) the testimony of witnesses. It is the plaintiff's responsibility to produce all of the evidence to prove the case, whether that evidence is in the form of exhibits or witness testimony. If the plaintiff wants to call witnesses to testify, plaintiff must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

I.    Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order unless it is satisfied that:

1.  The prospective witness is willing to attend;

and

2.  The prospective witness has actual knowledge of relevant facts.

With the pretrial statement, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must:

1.  State the name, prisoner identification number, and address of each such witness; and

2.  Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

1.  The party can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed. The party must state in the affidavit when and where the prospective witness informed the party of this willingness;

Or

2.  The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being

2

subpoenaed.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

> 1. The party can swear by affidavit that the prospective witness has actual knowledge.  However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts.  For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify.

> Or

> 2. The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness.  Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

II.    Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with the pretrial statement a motion for the attendance of such witnesses.  Such motion should be in the form described above.  In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

III.   Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily

It is the responsibility of the party who has secured an unincarcerated witness' voluntary

attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the court.

IV.     Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, not earlier than four weeks and not later than two weeks before trial, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. (Blank subpoena forms may be obtained from the Clerk of Court). Also, the party seeking the witness' presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness' travel expenses.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness' travel expenses plus the daily witness fee of $40.00. As noted earlier, because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

V.     Pretrial Motions

With respect to the filing of dispositive motions, the parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery. If it appears after examining the legal issues and facts that an issue can be resolved by pretrial motion, the parties are to file the appropriate motion by the law and motion cutoff set forth below.

All purely legal issues are to be resolved by timely pretrial motion. The parties are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. The parties are cautioned that the court will look with disfavor upon substantive

4

motions presented in the guise of motions in limine at the time of trial.

Good cause appearing, IT IS HEREBY ORDERED that:

1.  Discovery requests shall be served by the party seeking the discovery on all parties to the action.[1]  Discovery requests shall not be filed with the court except when required by Local Rules 250.1, 250.2, 250.3 and 250.4.

2.  Responses to written discovery requests shall be due forty-five days after the request is served.

3.  The parties are cautioned that filing of discovery requests or responses, except as required by rule of court, may result in an order of sanctions, including, but not limited to, a recommendation that the action be dismissed or the answer stricken.

4.  Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), defendants may depose, either in person or by videoconference, plaintiff and any other witness confined in a prison or jail upon condition that, at least fourteen days before such a deposition, defendants serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1).  Pursuant to Rule 30(b)(4), the parties may take any deposition under this section by video conference without a further motion or order of the Court.  Pursuant to Federal Rules of Civil Procedure 28(a)(1) and 30(b)(4), the court reporter is not required to be in the same physical location as the witness during the deposition.

5.  If disputes arise about the parties' obligations to respond to requests for discovery, the parties shall comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Rules 134, 135, 130, 131, 110, 142, and 230(l) of the Local Rules of Practice for the United States District Court, Eastern District of California; unless otherwise ordered, Local Rule 251 shall not apply.  Although attempts to resolve disputes without court intervention are encouraged, the parties are excused from Federal Rule of Civil Procedure 37(a)(1)'s requirement that they confer or attempt to confer prior to bringing a discovery motion. Filing of a discovery motion that does not comply with all applicable rules may result in

---

[1]  If an attorney has filed a document with the court on behalf of any defendant, then plaintiff must serve documents on that attorney and not on the defendant.  <u>See</u> Fed. R. Civ. P. 5(b).

imposition of sanctions, including but not limited to denial of the motion.

6.    The parties may conduct discovery until **November 7, 2025**.  Any motions necessary to compel discovery shall be filed by **November 7, 2025**.  All requests for discovery pursuant to Federal Rules of Civil Procedure 31 (deposition by written question), 33 (interrogatories), 34 (production of documents), or 36 (admissions) shall be served no later than **September 5, 2025**.

7.    All pretrial motions,[2] except motions to compel discovery and motions directly related to trial proceedings, shall be filed on or before **January 30, 2026**.  In the event this case proceeds to trial, a further order will issue setting deadlines for motions in limine and other trial related motions.

8.    Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Federal Rules of Civil Procedure 7, 11, 12, 15, 41, 55, 56, 59 and 60, and Local Rule 110, shall be briefed pursuant to Local Rule 230(l).  Failure to timely oppose such a motion may be deemed a waiver of opposition to the motion.  L.R. 230(l).  Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.  Opposition to all other motions need be filed only as directed by the court.  Initial moving papers, and oppositions to such motions, are limited to 20 pages.  Replies are limited to 10 pages.  Page limits do not include the index or table of contents, table of cases, or exhibits (if any).  Documents exceeding these limits without advance leave of court, for good cause shown, will be stricken without further notice.

9.    If an attorney has appeared on behalf of a defendant, plaintiff must serve documents on that attorney and not on the defendant.  <u>See</u> Fed. R. Civ. P. 5(b).  Attorneys filing documents in this court are required to consent to electronic service and will be served with a Notice of Electronic Filing that is automatically generated by CM/ECF at the time the Clerk of Court files plaintiff's documents with the system and that includes a link to a copy of the filed document.  L.R. 135(a), (g).  Plaintiff is therefore not required to serve a defendant's attorney with paper copies of documents filed with the court.[3]  For documents that are not filed with the court (e.g.,

---

[2]  This includes motions for summary judgment under Federal Rule of Civil Procedure 56.
[3]  The prison mailbox rule shall apply for determining the timeliness of a filing.  <u>See</u> <u>Houston v.</u>

1    discovery requests), plaintiff must still serve paper copies on a defendant's attorney.

2        10. Litigants and lawyers may indicate their pronouns (e.g., she/her, he/him, they/their)

3    and honorifics (e.g., Mr., Ms., Mx., Dr.) by mailing a confidential letter to Judge Claire's

4    chambers, filing a request on the case docket, or adding the information in the name block or

5    signature line of the pleadings.

6        11. If plaintiff is released from prison while this case is pending, any party may request

7    application of the other provisions of Local Rule 230 in lieu of Local Rule 230(l).  Until such a

8    motion is granted, Local Rule 230(l) will govern all motions described in paragraph 7 above

9    regardless of plaintiff's custodial status.  L.R. 102(d).

10        12. Each party proceeding without counsel shall keep the court informed of a current

11    address at all times while the action is pending.  Any change of address must be reported

12    promptly to the court in a separate document captioned for this case and entitled "Notice of

13    Change of Address."  A notice of change of address must be properly served on other parties.

14    Service of documents at the address of record for a party is fully effective.  L.R. 182(f).  A party's

15    failure to inform the court of a change of address may result in the imposition of sanctions

16    including dismissal of the action.

17        13. Pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and

18    <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988), the court hereby informs plaintiff of the

19    following requirements for opposing a motion for summary judgment pursuant to Federal Rule of

20    Civil Procedure 56.  Such a motion is a request for an order for judgment in favor of the

21    defendant without trial.  A defendant's motion for summary judgment will set forth the facts that

22    the defendant contends are not reasonably subject to dispute and that entitle the defendant to

23    judgment.  To oppose a motion for summary judgment, plaintiff must show proof of his or her

24    claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely on

25    plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that

26

27    Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed
      filed on the date the prisoner delivered the document to prison officials for mailing).  However,
28    the deadline for any response or reply shall be based upon the date of electronic service.

plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with counter-affidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion.  Fed. R. Civ. P. 56(d).  If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  L.R. 230(l).  If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.

14. If defendant moves for summary judgment, defendant must contemporaneously serve with the motion, but in a separate document, a copy of the attached Rand Notice.  See Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998).  **Failure to do so may constitute grounds for denial of the motion.**

15. On April 3, 2014, the United States Court of Appeals for the Ninth Circuit overruled Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), with respect to the proper procedural device for raising the issue of administrative exhaustion.  Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).  Following the decision in Albino, a defendant may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the amended complaint, or (2) a motion for summary judgment.  Albino, 747 F.3d at 1166, 1169-70 (quotation marks omitted).  An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion.  Albino, 747

8

F.3d at 1168.  The court encourages defendant to bring motions raising exhaustion issues early in the case.  Id. at 1170-71.

16. Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.

17. Pretrial conference and trial dates will be set, as appropriate, following adjudication of any dispositive motion, or the expiration of time for filing such a motion.

18. The Clerk of Court shall serve on plaintiff a copy of the following Local Rules of Court:  110, 130, 131, 134, 135, 142, 230, 250.1, 250.2, 250.3, 250.4, 281, 302, and 305.

19. A copy of the court's notice regarding expedited trial setting procedures upon consent to magistrate judge jurisdiction is attached to this order.

20. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.  See Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Dated:   **July 21, 2025**                    **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE

9

1    **Rand Notice to Plaintiff**

2         This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice

3    of what is required" to oppose a motion for summary judgment.  See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012);

4    Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998).  The court requires that you be provided with this notice

5    regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil

6    Procedure.

7         When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment

8    in defendant's favor without a trial.  If there is no real dispute about any fact that would affect the result of your case,

9    the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case

10   against that defendant.  A motion for summary judgment will set forth the facts that the defendant asserts are not

11   reasonably subject to dispute and that entitle the defendant to judgment.

12        To oppose a motion for summary judgment, you must show proof of your claims.[1]  To do this, you may

13   refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your

14   complaint shows that you have personal knowledge of the matters stated.  You may also submit declarations setting

15   forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal

16   knowledge of the facts stated.  You may also submit all or part of deposition transcripts, answers to interrogatories,

17   admissions, and other authenticated documents.  For each of the facts listed in the defendant's Statement of

18   Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed.  If you deny a

19   fact, you must cite to the proof that you rely on to support your denial.  See L.R. 260(b).  If you fail to contradict the

20   defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant

21   the motion.

22        The court will consider a request to postpone consideration of the defendant's motion if you submit a

23   declaration showing that for a specific reason you cannot present such facts in your opposition.  If you do not respond

24   to the motion, the court may consider your failure to act as a waiver of your opposition.  See L.R. 230(l).

25        If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that

26   defendant without a trial and the case will be closed as to that defendant.

27   ---

[1] If the motion for summary judgment concerns the exhaustion of administrative remedies, you must submit proof of
28   specific facts regarding the exhaustion of administrative remedies.  See Stratton v. Buck, 697 F.3d 1004, 1008 (9th
Cir. 2012); Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014).

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MIGUEL GUILLEN,                          No.  1:21-cv-01505 GSA (PC)

12              Plaintiff,                     NOTICE OF THIS COURT'S EXPEDITED
                                              TRIAL SETTING PROCEDURES UPON
13        v.                                  CONSENT OF ALL PARTIES

14   ISMAIL PATEL, et al.,

15              Defendants.

16

17        Due to the extraordinarily high case load of the district court judges in this district, trials

18   in civil rights actions concerning prison conditions are often conducted by United States

19   Magistrate Judges with the consent of all the parties.  A trial conducted by a magistrate judge is

20   far more likely to proceed on a scheduled trial date.  Presently, when a civil trial is set before a

21   district judge, any criminal trial which conflicts with the civil trial will take priority, even if the

22   civil trial date was set first.  Thus, a civil trial set before a district judge is often trailed day to day

23   or week to week until the completion of the matter occupying the district court.  Consenting to the

24   jurisdiction of a magistrate judge for all purposes will generally expedite the resolution of an

25   action.  The parties are therefore reminded of the availability of a United States Magistrate Judge

26   to conduct all proceedings in this action.  A United States Magistrate Judge is available to

27   conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of

28   Civil Procedure 73, and Local Rule 305.  Any appeal from a judgment entered by a United States

1

Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit.

If all parties in this action consent to the jurisdiction of a United States Magistrate Judge, this Court will immediately schedule a trial setting hearing.  The Court will proceed as follows at the trial setting hearing:

1.  Set the matter for trial on a date certain before this Court.  Generally, the trial date will be scheduled for a date approximately six months after the deadline for the filing of dispositive motions,[1] and

2.  By agreement of the parties, vacate any previously set deadlines, such as dispositive motion deadlines, if the parties stipulate that such deadlines are unnecessary and the parties desire to proceed to trial expeditiously after the closing of the discovery deadlines.

Consistent with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District, if the matter proceeds to trial under this process, the Court will handle the trial just as any other civil case which comes before the Court.

Withholding consent or declining jurisdiction of a Magistrate Judge for all purposes will have no effect on the merits of a party's case or have any adverse substantive consequences.[2]  A party may also consent to magistrate judge jurisdiction at any time, even if the party has previously declined such jurisdiction.

---

[1] See Court's Discovery and Scheduling Order for dispositive motion deadlines.  Setting a trial approximately six months after the deadline affords a period for a response/reply to the dispositive motion and consideration of the motion by the court.  If claims remain after a decision on the dispositive motion, a schedule will be set for motions in limine, pre−trial statements, motions for incarcerated witnesses and motion for payment of unincarcerated witness fees prior to the first day of trial.

[2] Even if the parties decline consent, under Local Rule 302 the assigned magistrate judge will still conduct a number of pretrial matters.

2