UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GUILLEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ISMAIL PATEL, et al.,<br><br>　　　　Defendants. | No. 1:21-cv-01505 GSA (PC)<br><br>ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 26) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court is Plaintiff's motion for the appointment of counsel. ECF No. 26. For the reasons stated below, the motion will be denied.

I.  MOTION FOR THE APPOINTMENT OF COUNSEL

In support of Plaintiff's motion for the appointment of counsel, Plaintiff states that he cannot afford to pay for an attorney. ECF No. 26 at 1. In addition, he states that he has contacted more than three attorneys over the last 30 days to ask them to represent him, but that he has had no success in getting any of them to take his case. See id. Finally, Plaintiff states that he has limited knowledge of the law, and that his case involves medical issues that require an examination. Id.

1

II. <u>APPLICABLE LAW</u>

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. <u>See</u> 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff. <u>Id.</u>  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

III    <u>DISCUSSION</u>

Plaintiff's motion for the appointment of counsel will be denied.  The Court notes that Plaintiff wrote and filed the viable and serviceable complaint, which indicates to the Court that Plaintiff does have the ability to articulate his claims in a sufficient enough manner despite any complexities that may arise in it like medical examinations or more complicated legal questions.  For this reason, having considered the factors under <u>Palmer</u>, the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel (ECF No. 26) is DENIED without prejudice.

IT IS SO ORDERED.

   Dated:   **September 8, 2025**                                **/s/ Gary S. Austin**
                                                                                UNITED STATES MAGISTRATE JUDGE