UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GUILLEN,<br><br>                    Plaintiff,<br><br>          v.<br><br>PATEL, *et al.*,<br><br>                    Defendants. | Case No.  1:21-cv-01505-JLT-FJS (PC)<br><br>ORDER GRANTING DEFENDANTS' SECOND EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE A DISPOSITIVE MOTION<br><br>(ECF No. 37)<br><br><u>Dispositive Motion Deadline: June 29, 2026</u> |

Plaintiff Miguel Guillen ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Patel and Davis ("Defendants") for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

Pursuant to the court's July 22, 2025, discovery and scheduling order, and January 8, 2026, order granting Defendants' ex parte application for extension of time to file a dispositive motion, the deadline for filing all pretrial motions, including motions for summary judgment under Federal Rule of Civil Procedure 56, is April 30, 2026.  (ECF Nos. 25, 31.)

Currently before the court is Defendants' second ex parte application for extension of time to file a dispositive motion, filed April 27, 2026.  (ECF No. 37.)  In support of the motion, Defendants state that good cause exists to extend the dispositive motion deadline because Defendants required additional time to locate and contract with a second qualified medical expert after their initial expert was forced to withdraw from this case due to a conflict of interest.

Defendants' new expert witness has completed his initial review of Plaintiff's medical records and is currently preparing his report. The extension is required to give the new expert sufficient time to complete his report and declaration and for defense counsel to prepare Defendants' motion for summary judgment. Defendants believe their motion for summary judgment will resolve the case in its entirety if successful and that Plaintiff will suffer no prejudice, as the case has not yet been set for trial and he is requesting no injunctive or other time-sensitive relief. Defendants request that the dispositive motion deadline be extended by 60 days, from April 30, 2026, to June 29, 2026. (*Id.*)

Plaintiff has not yet had an opportunity to file a response, but the court finds a response is unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

Requests for extensions of time in the Eastern District of California are governed by Local Rule 144, which provides: "Counsel shall seek to obtain a necessary extension from the court or from other counsel or parties in an action *as soon as the need for an extension becomes apparent.*" L.R. 144(d) (emphasis added). Here, given defense counsel's representations that, following the loss of their initial expert witness, counsel searched for a second suitable expert without a conflict of interest, completed the "lengthy process" of approving expert's contract, and the new expert completed an initial review of Plaintiff's medical records and began preparing his report, it should have become apparent that an extension was needed well before the filing of the instant motion. Therefore, under Local Rule 144, Defendants were required to file their current motion to modify the Discovery and Scheduling Order earlier than April 27, 2026.

The court disfavors granting nunc pro tunc and ex parte relief and directs Defendants to be more diligent in anticipating future requests for extensions of time and filing such requests by way of regularly noticed motion with sufficient time for the court to offer relief. Nevertheless, given defense counsel's representations in his declaration, the court finds good cause to grant the relief requested. Fed. R. Civ. P. 16(b)(4). Defendants were forced to retain a second qualified expert in support of their anticipated motion for summary judgment, which, if successful, may resolve the case in its entirety. The court further finds that Plaintiff will not be prejudiced by the extension granted here.

2

The parties are further advised that future requests for extension of this deadline will be subject to a narrow interpretation of what constitutes good cause, and the parties shall file any such requests to extend this deadline "as soon as the need for an extension becomes apparent." L.R. 144(d).

Accordingly, IT IS HEREBY ORDERED as follows:

1.  Defendants' second ex parte application for extension of time to file a dispositive motion, (ECF No. 37), is GRANTED;

2.  The deadline for filing all dispositive motions is EXTENDED from April 30, 2026, to June 29, 2026; and

3.  Any request for further extensions of this deadline must be filed on or before the expiration of the deadline and will only be granted on a showing of good cause.

IT IS SO ORDERED.

Dated:    **April 30, 2026**                    _____

UNITED STATES MAGISTRATE JUDGE

3